UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD ROSA (#2013-0216013),

    Plaintiff,

v.

JOHN DOE, et al.,

    Defendants.

No. 13 CV 8254

Judge Manish S. Shah

### ORDER

The amended complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable (i.e., timely) claim. The case is terminated. The plaintiff's renewed motions for leave to file in forma pauperis [#38] and for attorney representation [#39] are denied as moot. Any claim relating to the plaintiff's medical care at the Hill Correctional Center is dismissed without prejudice to filing suit in the appropriate forum. Because the plaintiff initiated this lawsuit in a timely manner but the statute of limitations only now prevents him from naming proper defendants, the court declines to assess the plaintiff a "strike" under 28 U.S.C. § 1915(g).

### STATEMENT

The plaintiff, Richard Rosa, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the Stateville Correctional Center acted with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care and treatment for a dislocated shoulder.

The plaintiff originally claimed that a Chicago police officer who arrested him had used excessive force. By Order of August 5, 2014, the court noted that the statute of limitations had extinguished any cause of action against the arresting officer. As discussed more fully in that order, in this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993).

After the court permitted recruited counsel to withdraw (based on counsel's representations that he could not file a complaint consistent with his ethical

obligations), the court granted the plaintiff the opportunity to submit an amended complaint "limited to his medical care at the Stateville Correctional Center, to the extent that any such claims are timely." *See* Order of August 5, 2014, at p. 2. The plaintiff has submitted an amended complaint, as directed. The amended complaint names Dr. Mahoney, the Medical Director of Stateville, Dr. Sood, the Medical Director of Hill Correctional Center, and John/Jane Does, Medical Coordinators in "All Prisons" as defendants. [#37].

Plaintiff entered Stateville prison in December 2011 with a dislocated shoulder. Between December 2011 and March 2012, medical professionals recommended surgery, and plaintiff received the surgery in March 2012. The plaintiff alleges that Director Mahoney delayed the surgery, with deliberate indifference to plaintiff's injured shoulder. Mahoney transferred plaintiff to Hill Correctional Center in April 2012. At Hill, plaintiff did not receive the post-operative therapy and treatment he needed. Plaintiff alleges that Director Sood was deliberately indifferent to his suffering from April 30, 2012, through December 20, 2012. The court received plaintiff's amended complaint on September 8, 2014. [#37]. Plaintiff's original complaint, [#1], named only John Doe defendants, including a "Doctor John Doe" at Stateville, and was received in November 2013.

Under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Unfortunately, the plaintiff's claims against health care providers at the Stateville Correctional Center are time-barred. Therefore, even accepting the plaintiff's factual allegations as true, the court finds that the amended complaint fails to state a viable claim as a matter of law.

As the court previously advised the plaintiff, in Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Here, the plaintiff complains about the medical care he received at Stateville between December 12, 2011, and April 18, 2012, when he was transferred to the Hill Correctional Center. Because the plaintiff waited more than two years after his cause of action accrued to name a specific Stateville doctor rather than a John or Jane Doe, his claims are time-barred.

The plaintiff's "notice in support for the tolling of statute of limitation based upon the rule of equitable tolling," [#40], is of no avail. The continuing violation doctrine permits a plaintiff in certain circumstances to reach back to the beginning of a claim when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct. *Macklin v. United States*, 300 F.3d 814, 824 (7th Cir.2002); *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). But in the case at bar, all of the plaintiff's claims against Stateville's medical staff are untimely. While the plaintiff's suffering continued after his transfer from Stateville, his claim against Director Mahoney accrued upon the transfer. Mahoney is not alleged to have been involved in the care (or lack thereof) at Hill Correctional Center. The continuing violation doctrine does not save the amended complaint as to the Stateville defendants.

The plaintiff cannot simply add a misjoined claim against the Hill Correctional Center (in violation of the court's directive to submit an amended complaint limited to claims against Stateville) in order to make his Stateville claims timely. "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (citing Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007)). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler*, 689 F.3d at 683 (quoting Fed. R. Civ. P. 20(a)(1)(A)). The plaintiff's case against Stateville defendants is a distinct case from the one against Hill defendants.

In short, the plaintiff's new allegations against Hill health care providers do not resuscitate his claims against Stateville medical professionals. Rather, the plaintiff must initiate a separate lawsuit in the U.S. District Court for the Central District of Illinois (Peoria Division), or in state court, if he wishes to sue the medical staff at the Hill Correctional Center. The Hill Correctional Center is located in the Central Illinois federal judicial district, Peoria Division. S*ee* 28 U.S.C. § 93(c) ("[t]he Central District comprises the counties of … Knox…."); *see also* the Central District's jurisdiction map, http://www.ilcd.uscourts.gov/sites/ilcd/files/New_District_Map.pdf (accessed September 20, 2014).

Finally, to the extent that the plaintiff argues that his former counsel had medical records with defendants' names, those same medical records were available to the plaintiff, too. "An offender or authorized attorney may have access to and copy all clinical records contained in any file maintained by the Department…." 20 Ill. Admin. Code 107.330. In a recent case with a similar procedural background, a court in the Southern District found that no "extraordinary event" prevented the plaintiff

3

in that case from making a timely claim against the proper defendants. *See White v. Suneja*, No. 10 C 0332, 2013 WL 1144492, at *3 (S.D. Ill. Jan. 14, 2013):

> The Court takes judicial notice of IDOC regulations, which provide inmates with reasonable access to their medical records. By performing a few simple steps, [plaintiff] could have inspected pertinent records while the limitations period was running or while he was awaiting a decision by the ARB. 20 Ill. Admin. Code 107.330. In other words, the records ultimately provided to [plaintiff]'s counsel were always available to [plaintiff]. Because [plaintiff] was not prevented from inspecting his own records to learn the identities of the individuals involved in [his care], equitable tolling is not available.

The time to name a non-John Doe Stateville defendant has now passed.

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim upon which relief may be granted. The case is terminated. Because the plaintiff initiated suit in a timely manner but any attempt to name a proper defendant is now futile as a practical matter, the court declines to assess a "strike" under 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the U.S. Court of Appeals for the Seventh Circuit may impose a "strike." The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

ENTER:

Date: 9/22/14

Manish S. Shah
U.S. District Court Judge

4